UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re: James E. Cartisano and Joanne M. Cuccio

Case No. 8-18-70703-reg
Chapter 7

Debtors.
------------------------------------------------------------------x
Nicholas R. Motherway,

Plaintiff,

Adv. Pro. No. 8-18-08060-reg

-against-

James E. Cartisano,

Defendant.
------------------------------------------------------------------x
Nicholas R. Motherway,

Plaintiff,

Adv. Pro. No. 8-18-08061-reg

-against-

Joanne M. Cuccio,

Defendant.
------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

Before the Court is a motion (the "Motion") by the plaintiff, Nicholas Motherway ("Motherway" or the "Plaintiff") to impose sanctions against James Cartisano and Joanne Cuccio (individually "Cartisano" and "Cuccio" respectively, collectively the "Debtors" or the "Defendants") and their counsel William Gearty, Esq. ("Gearty"). Motherway previously obtained judgments against the Defendants in these adversary proceedings rendering the debt owed to him by the Debtors non-dischargable pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6).

[Case No. 18-08060, ECF No. 23] [Case No. 18-08061, ECF No. 21].[1]  In seeking sanctions, the

Plaintiff relies on this Court's inherent authority, 11 U.S.C. § 105 and 28 U.S.C. § 1927 in order

to recover damages and costs incurred by Motherway in connection with this adversary

proceeding due to the alleged intentional delay and misconduct of the Debtors and Gearty.

The basis for the Motion largely stems from the Debtors' procedural missteps at the

outset of this adversary proceeding, as well as the poor legal judgment of Gearty.  It is important

to note that pre-petition, the Debtors and the Plaintiff had an extensive business relationship that

went sour, leading to two State Court lawsuits.  Significant judgments entered in favor of the

Plaintiff led to the filing of these petitions for relief under Chapter 7.  The judgments in favor of

the Plaintiff were deemed non-dischargeable under 11 U.S.C. §§ 523(a)(4) and (a)(6), which is

one of the highest forms of penalties a debtor can face in bankruptcy.  After holding a hearing on

the Motion, this Court does not find that Gearty's or the Debtors' conduct embodied the requisite

bad faith which must be established for a finding of sanctionable conduct under the Court's

inherent or statutory authority.  Moreover, the Court believes that the publication of this

Memorandum Decision is an appropriate sanction in this case, which is sufficient to deter future

sanctionable conduct.

### Procedural History and Relevant Facts

1. *Business Relationship and State Court Action*

Motherway and Cartisano were 50% shareholders of common stock in National Best

Security, Inc. ("NBS"), NBS Group, Inc., Diamond Stay Management, Inc., and First National

---

[1] Unless otherwise noted, ECF references are to the docket in Adversary Proceeding No. 18-08060.  Separate adversary proceedings were filed against Cartisano and Cuccio, indexed at 18-08060 and 18-08061 respectively. This proceeding was held jointly because both complaints stemmed from essentially the same nucleus of facts and alleged the same claims and basis for relief.  Therefore, this opinion does not distinguish between the two adversary proceedings and will treat both adversaries as one proceeding.

Best Security, Inc.  Both served as offers, directors and employees.  Motherway developed and maintained the computer programs that formed the basis of NBS's business and handled all accounting functions.  Cartisano handled the sales and service functions of the business, met with customers, and negotiated all aspects of each job.  NBS continued to grow, largely due to Motherway's proprietary data base program, and Cartisano's wife, Cuccio, was hired in 1996.  Additionally, in 2003 NBS hired Michael David True ("True") as NBS's Service Director, and he acted as the highest-level manger and part of the executive team.

Shortly after hiring True, Motherway became aware of a company known as Retail Unlimited Maintenance or Remodel, Inc. ("Retail Unlimited"), and began to notice a downturn in NBS's business.  Motherway was unaware that Cuccio, along with others, organized Retail Unlimited in 2004 and that it operated out of Cartisano's home.  After discovering that Retail Unlimited was directly competing with NBS and using NBS's proprietary information, Motherway filed a lawsuit in New York State Supreme Court of Suffolk County on July 2, 2009 against Cartisano as well as a derivative action on behalf of NBS ("Cartisano Action") for, *inter alia*, breach of fiduciary duty, misappropriation of trade secrets, confidential and proprietary information, and unfair competition.  A subsequent lawsuit was brought on September 3, 2009 against Cuccio, True, his wife and mother and their companies ("Cuccio Action") alleging similar causes of action as set forth in the Cartisano Action.

A joint trial of the Cartisano Action and Cuccio Action was held before Justice Emerson.  After a consolidated trial on the merits, the State Court issued two separate written decisions after trial, which found in favor Motherway on his claims against Cartisano individually, found in favor of NBS on Motherway's derivative action, and found in favor of Motherway against Cuccio personally in the other State Court lawsuit.  The State Court awarded damages against

Cartisano and in favor of Motheway personally in the amount of $566,771.77, and in favor of

NBS in the amount of $489,495.84 plus statutory interest of 8% per anum. [2]  The State Court also

awarded damages against Cuccio in favor of Motherway personally in the amount of

$200,947.61.

2.  *Bankruptcy and Adversary Proceeding*

The Debtors filed a joint Chapter 7 petition January 31, 2018 and were represented by

Gearty.  The first date for the 341 meeting of the creditors was set for March 8, 2018, setting the

deadline to object to discharge for May 7, 2018. On April 27, 2018 Motherway through his

attorney, Stephen Gelfand ("Gelfand"), filed complaints ("Complaint") against Cartisano and

Cuccio separately, objecting to the dischargeability of the pre-petition judgments against

Debtors. [ECF No. 1].  The Plaintiff relied on 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6),

alleging that the debts owed to the Plaintiff were obtained by fraud, fraud while acting in a

fiduciary capacity and as a result of willful and malicious injury.  After the Complaint was filed

the clerk's office issued a Summons and Notice of Pre-Trial Conference and the Debtors were

served on May 1, 2018.  Answers were due on May 30, 2018.

The Debtors failed to timely file an answer to the Complaint and on June 4, 2018, Gearty

filed a letter with the Court pursuant to Local Rule 2090-2 stating the pre-petition retention

agreement between himself and the Debtors did not include the representation and defense of any

adversary proceedings.  According to E.D.N.Y. LBR 2090-2(b) this statement must be filed

within 14 days of service of the summons and complaint.  Therefore Gearty's E.D.N.Y. LBR

2090-2(b) statement was untimely.  [ECF No. 4].  Gearty further represented that he had

communicated with his clients, through meetings and emails, prior to May 30, 2018 and

---

[2] The judgment against Cartisano in favor of NBS and their affiliated companies was subsequently assigned to
Motherway.

instructed the Debtors that they needed to file an answer, how to file that answer and to appear at the scheduled hearings.

A pre-trial status conference was held June 6, 2018 and neither the Debtors nor counsel appeared. The Court noted the Defendants' default on the record and adjourned the pretrial conference. On July 5, 2018, the Plaintiff filed a motion for default judgment. Gearty, who had been reengaged by the Debtors to represent them in this adversary proceeding, filed an affirmation in opposition ("Opposition") to the Plaintiff's motion for default judgment. [ECF No. 11]. Attached to the Opposition was a proposed answer ("Proposed Answer") to the Complaint. The Proposed Answer asserted eight affirmative defenses, including the first affirmative defense asserting the Complaint was untimely, and the third affirmative defense asserting this Court does not have personal jurisdiction over the Debtors for purposes of this adversary proceeding.

At the July 25, 2018 hearing on the Plaintiff's motion for default judgment ("July 25th Hearing") the Court admonished Gearty and Cartisano on the record for failing to appear at the June 6, 2018 status conference and for failing to file an answer to the Complaint. At the end of the hearing Gearty asked the Court for five days to file an answer to the Complaint, however, the Court questioned why Gearty could not just unhinge the Proposed Answer attached to his papers and file it with the Clerk's office immediately. After explaining that he needed to be in another court for a hearing, the Court allowed Gearty until the close of business the next day, July 26, 2018, to file the answer. The understanding of the parties and the Court was that Gearty would be filing the Proposed Answer and that he merely needed time to docket those papers. At the July 25th Hearing the Court instructed Gelfand that he was free to make a motion for summary judgment regarding the merits of the Complaint. As a result of the events at the hearing, the Court denied the motion for default judgment.

The following day Gearty filed an amended answer ("Answer") to the Complaint, however, the Answer was not the same as the Proposed Answer attached to the Opposition. [ECF No. 15]. The Answer omitted the affirmative defenses regarding the timeliness of the complaint and the personal jurisdiction of the Court over the Debtors. On August 28, 2018 Gelfand filed a motion for summary judgment with a return date of September 12, 2018. Within the motion Gelfand also sought sanctions against the Debtors and Gearty pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1927 and the Court's inherent powers. At the September 12, 2018 hearing ("September 12th Hearing") summary judgment was granted in favor of the Plaintiff on the § 523(a)(4) and (a)(6) claims. After a brief colloquy between Gearty and the Court regarding Gearty's actions in disregarding the Court's instruction to file the Proposed Answer, the Court deferred any ruling on sanctions and set it down for a separate hearing on November 27, 2018.

## Jurisdiction

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## Discussion

Motherway seeks sanctions, in the amount of $47,770.00 in legal fees and $895.14 in costs, against the Debtors and Gearty jointly and severally pursuant to 28 U.S.C. § 1927 and 11 U.S.C. § 105(a) and the Court's inherent powers. The gravamen of the Motion is that (1) the Debtors willfully failed to answer the Complaint and failed to appear at the initial pretrial hearing, and (2) Gearty and the Debtors purposefully deceived the Court by disregarding instructions to unhinge and file the Proposed Answer following the July 25th Hearing and

subsequently filing the Answer without permission from the Court.  For the Court to impose

sanctions under both 28 U.S.C. § 1927, 11 U.S.C. § 105(a) and the Court's inherent power, there

must be a specific finding of bad faith.  *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.

1986) (*citing Colucci v. New York Times Co.*, 533 F.Supp. 1011, 1013-14 (S.D.N.Y. 1982)).

While a specific finding of bad faith is required to impose sanctions under 28 U.S.C.§ 1927,

Bankruptcy Code § 105(a) and the Court's inherent authority, each of these provisions have

different requirements.  An award under § 1927 may only be awarded against an attorney,

whereas an award of sanctions under the court's inherent authority may be made against an

attorney, a party or both.  *See Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336

(2d Cir. 1999) ("*Schlaifer*").  Likewise, an award of sanctions under § 105(a) may be made

against an attorney or a party, but a provision of the Bankruptcy Code must be invoked on this

basis.  *See M.A. Salazar, Inc. v. Village of Atlantic Beach*, 499 B.R. 268, 275 (E.D.N.Y. 2013)

("*Village of Atlantic Beach*"); *In re Smart World Technologies, LLC*, 423 F.3d 166, 183 (2d Cir.

2005) ("*Smart World Techs*"); *New England Dairies, Inc. v. Dairy Mart Convenience Stores,

Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91-92 (2d Cir. 2003).

The Court will analyze the conduct of Gearty and the Debtors separately under each

theory of sanctions.

A.  *Sanctions Against Gearty*

a.  *Sanctions Pursuant to 28 U.S.C. § 1927*

A court may impose sanctions against an attorney pursuant to 28 U.S.C. § 1927 for bad

faith conduct that is not necessarily "entirely without merit" or tied to a specific Code provision,

but which unnecessarily delays the proceeding.  *See* 28 U.S.C. § 1927.  The Second Circuit has

consistently held that the purpose of sanctioning an attorney for bad faith conduct under 28

U.S.C. § 1927 "is to deter unnecessary delays in litigation." *See Oliveri* at 1273; *quoting* H.R.Conf.Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S. Code Cong. & Ad. News, 2716, 2782.  Unlike an award of sanctions under 11 U.S.C. § 105(a) or Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927 is only applicable against an attorney.  *See Hudson Motors v. Crest Leasing*, 845 F.Supp. 969, 978 (E.D.N.Y. 1994).

In applying the facts of this case to the legal requirements for imposing sanctions, this Court must construe § 1927 "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *See Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985) (*quoting Eastway Construction Corp. v. City of New York*, 762 F.2d 254, 254 (2d Cir. 1985)).  Under 28 U.S.C. § 1927, the movant must show by clear and convincing evidence a "clear showing of bad faith…[as a] prerequisite to the imposition of sanctions".  *See In re Dubrowsky*, 206 B.R. 30, 36 (Bankr. E.D.N.Y. 1997).  Judge Bernstein has provided several examples of sanctionable conduct under 28 U.S.C. § 1927, including: "resubmitting a motion that had previously been denied; bringing a motion based on 'facts' the opposite of which were previously found by the court; continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a jury demand."  *See In re Emanuel*, 422 B.R. 452, 465 (Bankr. S.D.N.Y. 2010) (*citing Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995)).

Motherway argues that Gearty's conduct throughout the adversary proceeding caused procedural delays and that he acted in bad faith, including filing his E.D.N.Y. LBR 2090-2 statement late and filing the Answer without the Court's permission, which caused the Plaintiff to incur additional legal fees.  Specifically, Plaintiff argues Gearty misled the Court and Gelfand to believe that he would be filing the Proposed Answer from the July 25th Hearing which

included the affirmative defenses regarding timeliness of service and personal jurisdiction over the Debtors.  Gearty subsequently did not file the Proposed Answer, rather he filed the Answer.  Additionally, the Plaintiff claims that Gearty allegedly lied to the Court when questioned about his conduct at the September 12th Hearing.  Due to Gearty's conduct throughout this adversary proceeding, the Plaintiff claims he incurred damages and legal fees by being forced to litigate the matter raised in the adversary proceedings.

The Court declines to sanction Gearty under 28 U.S.C. § 1927 because the facts do not support a finding of bad faith with the high degree of specificity required.  *See Schlaifer* at 336; *see also In re Smith*, No. 09-CV-2563, 2011 E.D.N.Y. WL 222146 at *3 (E.D.N.Y. Jan. 21, 2011) (explaining that where sanctions were a "close call" the court declined to sanction under 28 U.S.C. 1927 where it could not "state with certainty that Appellants acted in bad faith").

Although Gearty did not timely file his 2090-2 form with the Court, it cannot be said this was done unreasonably or with the intention of delaying the bankruptcy proceeding.  In fact, Gearty represented to the Court that he explained to the Debtors that they needed to appear at the pre-trial conferences and file an answer to the Complaint.  The Court declines to sanction an attorney for providing advice to individuals, who at the time were not being represented under the terms of their retention agreement. Moreover, after being reengaged, the Court does not find that Gearty's conduct in filing the Answer was intended to mislead the Court or that it was done either to multiply the proceedings or in bad faith.  Gearty's conduct can be characterized as nothing more than a decision of poor legal judgment. *See Schlaifer* at 340.  Again, a finding of bad faith cannot be supported by the record before the Court and therefore sanctions are inappropriate on this basis.

This Court is aware of the fine line between an attorney zealously advocating for a client and the Court's responsibility for policing sanctionable conduct.  In following the case law in the Second Circuit and the Congressional intent in enacting 28 U.S.C. § 1927, the record is not sufficient to find that Gearty acted with the requisite bad faith conduct.  Therefore, the Court denies the Motion seeking sanctions against Gearty pursuant to 28 U.S.C. § 1927.

      b.  *Sanctions Pursuant to 11 U.S.C. § 105(a)*

The language of 11 U.S.C. § 105(a) does not expressly mention sanctions or awarding fees, however the Second Circuit has held that § 105(a) empowers a court to "exercise equity in carrying out the provisions of the bankruptcy code." *See In re Negosh*, No. 04-81073, 2007 Bankr. E.D.N.Y. WL 2445158 (Bankr. E.D.N.Y. Aug. 22, 2007) (*quoting Smart World Techs* at 184).  This equitable power does not provide an independent basis for awarding sanctions.  *See Id*.  As noted by this Court and the court in *Smart World Techs*, while § 105(a) may provide a basis to impose sanctions, it must involve bad faith conduct tied to a specific provision of the Bankruptcy Code, "rather than to further the purposes of the Code generally…and not merely [tied] to a general bankruptcy concept or objective." *In re Parikh*, 508 B.R. 572, 596 (Bankr. E.D.N.Y. 2014) (*quoting In re Smart World Techs* at 184).

Similar to the standard for imposing sanctions pursuant to 28 U.S.C. § 1927, a finding of bad faith by clear and convincing evidence is a prerequisite for imposing sanctions pursuant to the Court's powers under 11 U.S.C. § 105(a).  *See Smart World Techs* at 184.  Neither Motherway's papers nor the record support a finding that the Plaintiff's claims pursuant to 11 U.S.C. § 105(a) are tied to a specific bankruptcy provision, therefore there is no basis to impose sanctions.  Furthermore, assuming *arguendo* that the Plaintiff's allegations were tied to a specific bankruptcy provision, the Court would then have to analyze Gearty's conduct with the same high

degree of specificity for a finding of bad faith.  In applying the same analysis for a finding of bad faith as above, the record does not support such a finding sufficient to impose sanctions pursuant 11 U.S.C. § 105(a) against Gearty.

As a result, the Court denies the Motion for sanctions pursuant to 11 U.S.C. § 105(a) against Gearty.

c. *Sanctions Pursuant to the Court's Inherent Authority*

The Supreme Court and courts within the second circuit have recognized that federal courts have inherent and statutory authority to sanction litigants before them.  *See Chambers v. NASCO Inc.*, 501 U.S. 32 (1991); *see also In re Parikh* at 572; *Village of Atlantic Beach*, 499 B.R. at 274 ("'Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients.  [The] court's inherent power to sanction derives from the fact that courts are vested, by their very creation, with power to impose submission to their lawful mandates'") (*quoting In re Plumeri*, 434 B.R. 315, 327-328 (S.D.N.Y. 2010)).  Bankruptcy courts have the inherent authority to sanction parties before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons.  *See In re Parikh* at 597 (*citing In re 680 Fifth Ave. Associates*, 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998)).  The two-prong test the Second Circuit has employed to determine whether sanctions are appropriate is conjunctive.  There must be a clear finding that the conduct at issue 1) is entirely without color and 2) motivated by improper purposes such as harassment or delay.  *See In re Parikh* at 597 (*citing Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)); *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.3d 383, 390 (2d Cir. 1985).

Again, the record before the Court lacks any clear showing of bad faith by Gearty.  Gearty's conduct in filing the Answer rather than the Proposed Answer can be characterized as

poor legal judgment.  The Court denies the Motion to impose sanctions against Gearty pursuant to its inherent powers.

B.  *Sanctions Against Debtors*

a.  *Sanctions Pursuant to 11 U.S.C. § 105(a)*

The Court will apply the same legal analysis as it did above for Gearty.  To impose sanctions pursuant to 11 U.S.C. § 105(a), there must be a specific bankruptcy provision tied to the allegations and the alleged sanctionable acts must have been taken in bad faith.  *See In re Parikh* at 572.  This section will focus on the evidence in the record relating specifically to the Debtors' conduct.

Motherway argues that the Debtors' failure to appear at the initial pre-trial hearing and failure to timely file an answer constitutes bad faith conduct which is sanctionable under § 105(a).  The bankruptcy process is complicated and confusing for laymen.  It is not the Court's position to sanction the Debtors for their failure to appear or answer the Complaint.  The Debtors had a right to take Gearty's advice regarding answering the Complaint and appearing at hearings, however, their failure to follow that advice is not sanctionable given the current status of the law. The record does not support a finding of ill-will or an attempt to delay the proceedings by the Debtors that would rise to the level of bad faith.  Additionally, the Court recognizes that the Plaintiff's judgment debts against the Debtors are non-dischargeable, which is a sufficient punishment.

In sum, the Court declines to sanction the Debtors under its statutory powers pursuant to 11 U.S.C. § 105(a) because there was no showing by clear and convincing evidence of bad faith. Moreover, the Plaintiff failed to allege a specific bankruptcy provision for this Court to impose

sanctions under § 105(a).  Therefore, the Court denies the Motion for sanctions against the Debtors pursuant to 11 U.S.C. § 105(a).

      b.  *Sanctions Pursuant to the Court's Inherent Authority*

The Court will again apply the same legal analysis as it did above for Gearty.  To impose sanctions under the Court's inherent authority, there must first be a finding that the conduct was undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons.  *See In re Parikh* at 597.  The second step would be to analyze the Debtors' conduct under the Second Circuit's two-prong test.  *See In re Parikh* at 597 (*internal citations omitted*).

The record before the Court does not support a finding of bad faith or that the Debtors' conduct evidenced an intent to harass the Plaintiff or delay the proceedings.  The Debtors sought the advice of legal counsel to assist in this adversary proceeding.  Such conduct would seemingly controvert a finding of bad faith or of an intent to delay any proceeding.  The Court declines to impose sanctions under its inherent authority against Debtors who sought and retained counsel for the purposes of this adversary proceeding.  Therefore, the Court will deny the Motion to impose sanctions against the Debtors pursuant to the Court's inherent powers.

**Conclusion**

For the foregoing reasons, this Court denies the Motion in its entirety.  The Court shall enter an order consistent with this Memorandum Decision.



**Dated: Central Islip, New York**
**March 4, 2019**

        **Robert E. Grossman**
        **United States Bankruptcy Judge**